CLERK'S OFFICE U.S. DISTRICT COURT
AT ROANOKE, VA
FILED

NOV 29 2022

LAURA A. AUSTIN, CLERK
BY: _____
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) Criminal Action No. 7:16cr30010 |
| v. | ) |
| | ) |
| NICHOLAS JOHNSON | ) By:  Michael F. Urbanski |
| | ) Chief United States District Judge |

### MEMORANDUM OPINION

Nicholas Johnson, a federal inmate proceeding pro se, has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. ECF No. 58. Also pending is a motion for reconsideration of a previous order entered by this court. ECF No. 57. The government filed a motion to dismiss Johnson's request for § 2255 relief to which Johnson has responded, ECF Nos. 64, 67. After reviewing the record, the court concludes that the government's motion to dismiss Johnson's § 2255 motion must be **GRANTED** and Johnson's motions to vacate his sentence and motion for reconsideration must be **DENIED**.

### I. Background

#### A. Pre-Incarceration

In 2013, Johnson was charged in Buchanan County, Virginia with felony conspiracy to commit murder and felony gang participation in a criminal act. He pled guilty to both counts. Presentence Investigation Report (PSR), ECF No. 39 ¶ 182. Johnson was sentenced to 10 years in prison, with 9 years suspended, and 3 years of supervised probation. Id. He served the non-suspended portion of his sentence and was released from custody on July 13, 2015. Id.

On April 12, 2016, Johnson was charged via an information in this court with one count of participating in a racketeering conspiracy based on his activities as a member of a violent street gang. Information, ECF No. 3. On April 21, 2016, Johnson entered into a plea agreement and pled guilty the same day to one count of racketeering conspiracy. ECF Nos. 14, 15. As part of his plea agreement, he agreed to cooperate with law enforcement in other investigations. He was released on bond pending sentencing. Minute Entry, ECF No. 17.

On March 30, 2018, prior to the time Johnson was sentenced in federal court, he was arrested by the Virginia State Police and charged with felony distribution of marijuana in Frederick County, Virginia. PSR, ECF No. 39 ¶ 3. He was taken into state custody.

On July 18, 2018, Johnson appeared in federal court via a writ of habeas corpus ad prosequendum, ECF Nos. 43, 44, but was considered to be remaining in state custody on the distribution of marijuana charge. Johnson was sentenced in federal court to a term of 112 months incarceration to be followed by a 3-year term of supervised release. J., ECF No. 47. The 112-month term represented a 72% reduction from the low end of the United States Sentencing Guidelines (USSG) sentence of 235–293 months. The reduction was the result of both a departure from the sentencing guidelines range and a variance outside the guidelines range, based on a finding that Johnson's criminal history was overstated, he had cooperated with law enforcement, and he had made efforts at employment and rehabilitation. Statement of Reasons, ECF No. 48.

After being sentenced in federal court, Johnson attended a hearing in the Buchanan County Circuit Court on September 25, 2018, for violating the terms of his suspended sentence for the 2014 state gang convictions. The Buchanan County Court found that

2

Johnson's new state drug case constituted a violation of the terms of the 2014 suspended sentence and re-imposed the remaining 9 years of his sentence but re-suspended 7 years and 1 day of the sentence, leaving him to serve "Eleven (11) months and Twenty-Nine (29) days to run concurrently with his Federal Sentence or any other sentence." Order, Buchanan County Circuit Court, ECF No. 58-1 at 1-2.[1]

Johnson remained in state custody pending adjudication of the marijuana distribution charge out of Frederick County. On November 20, 2018, that charge was nolle prossed. Case Details, ECF No. 64-2. The Bureau of Prisons (BOP) shows that Johnson commenced serving his federal sentence on February 9, 2019 and received credit for only one day he previously spent in custody, April 12, 2016. Sentence Computation, ECF No. 64-1. Therefore, it appears his federal sentence was not credited with the time he spent in custody on the state charges.

### B. Post-Incarceration

On June 15, 2020, the United States filed a motion to reduce Johnson's sentence pursuant to Federal Rule of Criminal Procedure 35(b).[2] ECF No. 51. The motion was served on Johnson's counsel via the court's electronic filing system, but Johnson's counsel did not file a response. On August 26, 2020, the court granted the motion and reduced Johnson's sentence to 76 months. Am. J., ECF No. 52.

---

[1] The sentence of "11 months and 29 days" appears to be a miscalculation. Suspending 7 years and 1 day from the remaining 9-year sentence would leave 23 months and 29-days for Johnson to serve. It is undisputed that Johnson served 11 months and 29 days on the state gang activity sentence.

[2] Rule 35(b) provides that upon the government's motion, the court may reduce a defendant's sentence if the defendant, after sentencing, provided assistance in investigating or prosecuting another person.

Almost two months later, on October 21, 2020, Johnson's attorney filed a motion to modify Johnson's sentence pursuant to Fed. R. Crim. P. 35(b). ECF No. 53.[3] He requested a hearing, arguing that Johnson would like to present evidence on the disparities in the sentences between codefendants, the conditions of his confinement in light of his cooperation, and his continued efforts at rehabilitation. Mot., ECF No. 53. The United States responded, arguing that the request for hearing was untimely given that it was not filed during the ten weeks the Rule 35(b) motion was pending or within the applicable timeline to file a motion for reconsideration of the order. Nor did Johnson appeal the order to the Fourth Circuit Court of Appeals. Resp., ECF No. 55. On February 3, 2021, the court denied the motion for hearing as untimely and also found that because the judgment setting out his term of imprisonment was final, the court was without jurisdiction to hear it. Order, ECF No. 56.

On March 5, 2021, Johnson, proceeding pro se, filed a motion for reconsideration of the court's order denying the hearing. ECF No. 57. In the motion, he said that he timely asked his attorney to seek a hearing so that he could present evidence of circumstances that arose after he cooperated in a case filed in the Eastern District of Virginia, but that his attorney failed to do so. Id.

On March 24, 2021, Johnson filed a motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. In the motion to vacate, Johnson raises ineffective assistance of counsel claims based on his attorney's failure to do the following: (1) seek a continuance of his federal sentencing hearing until pending state charges had been

---

[3] The motion was docketed as a motion to modify sentence, but it appears Johnson was requesting a hearing on the Rule 35(b) motion filed by the government.

4

adjudicated, with the result that his federal sentence could be ordered to run concurrently to the sentence imposed in the state court proceeding; (2) timely file a response to the Rule 35(b) motion seeking an additional reduction, provide additional mitigating evidence, or request a hearing to present evidence in response; and (3) file a motion for reconsideration or appeal the judgment entered on August 26, 2020. The government responded to the motion to vacate and Johnson has replied.

## II. Analysis

### A. Applicable Law

To state a viable claim for relief under § 2255, a petitioner must prove: (1) that his sentence was "imposed in violation of the Constitution or laws of the United States;" (2) that "the court was without jurisdiction to impose such a sentence;" or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). If a petition alleges a sentencing error that is neither constitutional nor jurisdictional, "a district court lacks authority to review it unless it amounts to a fundamental defect which inherently results in a complete miscarriage of justice." United States v. Foote, 784 F.3d 931, 936 (4th Cir.) (quoting Davis v. United States, 417 U.S. 333, 346 (1974)). A petitioner collaterally attacking his conviction or sentence via a § 2255 petition bears the burden of showing by a preponderance of evidence that he is entitled to relief. White v. United States, 352 F.Supp.2d 684, 687 (E.D. Va. 2004) (citing Miller v. United States, 261 F.2d 546 (4th Cir. 1958), and Vanater v. Boles, 377 F.2d 898, 900 (4th Cir. 1967)).

Criminal defendants have a Sixth Amendment right to effective legal assistance. Strickland v. Washington, 466 U.S. 668, 687 (1984). To establish that counsel's assistance

was not reasonably effective, a defendant must satisfy a two-prong analysis: He must show both that (1) counsel's performance fell below an objective standard of reasonableness; and (2) he was prejudiced by counsel's alleged deficient performance. Strickland, 466 U.S. at 669.

When considering the reasonableness prong of Strickland, courts apply a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also Gray v. Branker, 529 F.3d 220, 228–29 (4th Cir. 2008). "The performance of counsel is measured in terms of 'reasonableness under prevailing professional norms.'" Gray, 529 F.3d at 228 (quoting Strickland, 466 U.S. at 688). The court must judge counsel "on the facts of the particular case," and assess counsel's performance "from counsel's perspective at the time." Strickland, 466 U.S. at 689.

To satisfy the prejudice prong of Strickland, a defendant must show that there is a reasonable probability that, but for counsel's unprofessional error, the outcome of the proceeding would have been different. Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

### B. Credit Toward Federal Sentence for Time Spent in State Custody

Johnson first argues that his attorney was ineffective for failing to move to continue his federal sentencing hearing until after the pending state charges had been prosecuted to completion. He argues that if the attorney had done so, this court would have been able order that the federal sentence run concurrently with the state sentence.

The court received a letter dated August 18, 2022 from the BOP Designation and Sentence Computation Center. The letter advised that Johnson was seeking credit for time spent in service of a state sentence, which the BOP considered a request to retroactively

designate as a federal facility the state detention facility where Johnson served his sentence on the state gang related charges. Such a retroactive designation would have the effect of running Johnson's federal sentence concurrent with his state sentence and reduce the total amount of time he spends in custody. On November 28, 2022, the court responded to the letter, advising the BOP that the court was not opposed to the retroactive designation of the state facility as a federal facility, or to running Johnson's federal sentence concurrent with his state sentence. Accordingly, it appears that the BOP will credit Johnson's federal sentence with the time he spent on the state revocation sentence, making it unnecessary to determine whether Johnson's attorney was ineffective for not moving to continue the federal sentencing until after the state charges were adjudicated. Therefore, Johnson's request, via this § 2255 motion, that his federal sentence be credited with time spent in state custody, is **DENIED as moot.**

### C. Response to Rule 35(b) Motion

Johnson's second and third grounds for relief are analyzed together. Johnson argues that his attorney was ineffective for failing to timely file a response to the Rule 35(b) motion seeking an additional sentence reduction and for failing to file a motion for reconsideration or appeal the judgment entered on August 26, 2020. Johnson cannot prevail on either claim.

The Fourth Circuit has held that there is no constitutional right to counsel in a Rule 35(b) proceeding. United States v. Taylor, 414 F.3d 528, 536 (4th Cir. 2005). "[A] Rule 35(b) motion is not a trial-related proceeding and, therefore, the Sixth Amendment cannot serve as a source of [a] claimed right to counsel." Id. (citations omitted). Nor do the Constitution's equal protection clause or due process guarantees provide criminal defendants a right to

effective assistance of counsel with respect to a Rule 35(b) motion filed by the government. Id. A Rule 35(b) motion can only benefit a defendant by reducing a sentence which has already become final and is not a "'do-over of an original sentencing proceeding where a defendant is cloaked in rights mandated by statutory law and the Constitution.'" Id. at 537 (quoting United States v. Legree, 205 F.3d 724, 730 (4th Cir. 2000)). See also Porter v. United States, No. 7:05CV00720, 2006 WL 3246257, at *3 (W.D. Va. Nov. 8, 2006) ("A defendant has no constitutional right to counsel in connection with a post-conviction, post-direct appeal motion under Rule 35(b) for reduction in sentence based on substantial assistance.")

When a defendant does not have a constitutional right to counsel in a post-conviction proceeding, he cannot be deprived of the effective assistance of counsel. Wainwright v. Torna, 455 U.S. 586, 587-88 (1982) (per curiam). See also McLean v. United States, No. 1:08cr175 (JCC), 2013 WL 1450559, at *2 (E.D. Va. Apr. 9, 2013) (citing Wainwright and finding that because petitioner had no right to counsel in a Rule 35(b) proceeding, she could not be deprived of the effective assistance of counsel). Accordingly, Because Johnson had no constitutional right to counsel on the Rule 35(b) motion, he cannot make out a claim that his attorney's failure to respond to the motion or seek a hearing on his behalf was ineffective assistance.

Regarding Johnson's argument that his attorney was ineffective for failing to seek reconsideration or appeal the court's ruling on the Rule 35(b) motion, his argument is unavailing for two reasons. First, in his plea agreement, Johnson waived his right to appeal his sentence "on any ground." Plea Agreement, ECF No. 15 at 7. The Fourth Circuit has

held that a knowing and intelligent waiver of the right to appeal "any sentence" extends to the right to appeal denial of a Rule 35(b) motion. United States v. Thornsbury, 670 F.3d 532, 538 (4th Cir. 2012).

Second, the Fourth Circuit has held that an appeal from a district court's decision to deny a Rule 35(b) motion is an appeal from an otherwise final sentence and is governed by 18 U.S.C. § 3742. United States v. Davis, 679 F.3d 190, 193 (4th Cir. 2012) (citing United States v. Pridgen, 64 F.3d 147, 149 (4th Cir. 1995)). That statute provides that a defendant can appeal a final sentence if the sentence was imposed in violation of law, as a result of an incorrect application of the sentencing guidelines, is greater than the sentence specified in the applicable guideline range, or was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable. 18 U.S.C. § 3742. Thus, "a defendant cannot appeal a district court's refusal to grant a Rule 35(b) motion and depart downward from the sentencing guidelines because that is a discretionary decision not within the scope of § 3742(a)." Davis, 679 F.3d at 194. Rather, a defendant can only appeal denial of a Rule 35(b) motion if he is challenging the lawfulness of the court's decision rather than the discretionary appropriateness of its ultimate decision. Id.

In this case, Johnson does not allege that the court's decision on the Rule 35(b) motion was made in violation of the law or on any of the other grounds set out in 18 U.S.C. § 3742. In fact, he does not suggest any ground on which his attorney might have appealed the amended judgment the court entered in response to the Rule 35(b) motion. Without an allegation that the court acted in violation of the law or contrary to the sentencing guidelines,

9

the court's decision on the Rule 35(b) motion was not appealable and his attorney did not err by failing to appeal it.

Because Johnson has not established that his attorney was ineffective with regard to the Rule 35(b) motion, the court will not address the prejudice prong of the Strickland analysis.

## III. Conclusion

Based on the foregoing, the court (1) **DENIES** Johnson's pro se motion for reconsideration of the order denying the motion to reduce his sentence, ECF No. 57; (2) **DENIES** his motion to vacate brought pursuant to 42 U.S.C. § 2255, ECF No. 58; and (3) **GRANTS** the government's motion to dismiss the § 2255 motion, ECF No. 64. An appropriate Order will be entered.

It is so **ORDERED**.

Entered:  11/29/2022

Michael F. Urbanski
Chief United States District Judge

10